UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

*Electronically Filed*

| | |
|---|---|
| STEVEN CRAYCRAFT and LORIE CRAYCRAFT, : : : Plaintiffs, : : vs. : : DELAWARE COUNTY SHERIFF'S : DEPARTMENT, : DELAWARE COUNTY COMMISSIONERS, : SHERIFF TONY SKINNER, : LT. STEVE WRIGHT, : OFFICER BLAKE REYNOLDS, : OFFICER ROBERT WYATT, and : CPT. RICHMAN, : : Defendants. : | CAUSE NO. 1:25-cv-1335-TWP-TAB |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Come Defendants, Delaware County Sheriff's Office, Sheriff Tony Skinner, Lt. Steve Wright, Officer Blake Reynolds, Officer Robert Wyatt, and Cpt. Richman, by Counsel, and for their Answer to Plaintiff's Complaint, hereby state as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, these Defendants assert a general denial as to those allegations contained in Plaintiffs' Complaint which are not clearly and specifically admitted herein.

## SPECIFIC DENIALS AND RESPONSES

With respect to the enumerated Paragraphs and specific allegations of Plaintiffs' Complaint, these Defendants respond as follows:

1. The allegations in Paragraph 1 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants admit that Plaintiffs have brought this action against them for damages, but deny the merits of Plaintiffs' asserted federal causes of action and supplemental state law causes of action, and specifically deny the substantive allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. The allegations in Paragraph 2 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants do not contest the Court's jurisdiction, but deny the merits of Plaintiffs' asserted federal causes of action and supplemental state law causes of action, and specifically deny the substantive allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. The allegations in Paragraph 3 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants do not contest the Court's jurisdiction, but deny the merits of Plaintiffs' asserted federal causes of action and supplemental state law causes of action, and specifically deny the substantive allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. The allegations in Paragraph 4 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants do not contest the Court's jurisdiction nor the venue of this action, but deny the merits of Plaintiffs' asserted federal causes of action and supplemental state law causes of action, and specifically deny the substantive allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 5 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

6. These Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants aver that any legal duties, responsibilities, and statuses must be defined by the Court, and consequently deny the rhetorical allegations contained in Paragraph 7 of Plaintiffs' Complaint as stated. However, these Defendants admit that the Delaware County Sheriff's Office employs, trains, and supervises its deputy sheriffs as alleged, and further admit that it promulgates policies which its deputy sheriffs utilize.

8. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

9. The allegations contained in Paragraph 9 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants aver that any legal duties, responsibilities, and statuses must be defined by the Court, and consequently deny the rhetorical allegations contained in Paragraph 9 of Plaintiffs' Complaint as stated. However, these Defendants specifically deny that the Delaware County Commissioners or the County employ, train, or supervise Delaware County Sheriff's Office's deputy sheriffs as alleged, and further deny that the Delaware County Commissioners or the County promulgate policies which Delaware County Sheriff's Office's deputy sheriffs utilize as alleged.

10. The allegations contained in Paragraph 10 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants aver that any legal duties, responsibilities, and statuses must be defined by the Court, and consequently deny the rhetorical allegations contained in Paragraph 10 of Plaintiffs' Complaint as stated. These Defendants admit that the Delaware County Sheriff's Office employs, trains, and supervises deputy sheriffs Wright, Richman, Wyatt, and Reynolds, and further admit that it promulgates policies which deputy sheriffs Wright, Richman, Wyatt, and Reynolds utilize. However, these Defendants deny that the County employs, trains, or supervises Delaware County Sheriff's Office's deputy sheriffs Wright, Richman, Wyatt, or Reynolds as alleged. These Defendants deny that the County promulgated policies which Delaware County Sheriff's Office's deputy sheriffs Wright, Richman, Wyatt, or Reynolds utilize as alleged. And these Defendants specifically deny the remaining substantive allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. The allegations contained in Paragraph 11 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants admit that Delaware County Sheriff's Office's deputy sheriffs Wright, Richman, Wyatt, and Reynolds were officers of the Delaware County Sheriff's Office's at all times relevant to Plaintiffs' Complaint, but deny the merits of Plaintiffs' asserted federal causes of action and supplemental state law causes of action, and specifically deny the remaining substantive allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. The allegations contained in Paragraph 12 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants aver that any legal duties, responsibilities, and statuses must be defined by the Court,

and consequently deny the rhetorical allegations contained in Paragraph 12 of Plaintiffs' Complaint as stated. These Defendants further deny the merits of Plaintiffs' asserted federal causes of action and supplemental state law causes of action, and specifically deny the remaining substantive allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 13 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

14. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 14 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

15. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 15 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

16. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 16 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

17. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 17 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

18. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 18 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

19. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 19 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

20. The allegations contained in Paragraph 20 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants admit that Delaware County Sheriff's Office deputies located Steve Craycraft at his home on or about March 14, 2024, and mirandized him therein. These Defendants admit that Steve Craycraft refused to speak with deputies and requested to speak with his attorney. These Defendants are without sufficient knowledge or information to affirm the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

21. These Defendants admit the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. These Defendants admit that Steve Craycraft was handcuffed, placed in the back of a Sheriff's Office vehicle, and driven to the Delaware County Jail on or about March 14, 2024. However, these Defendants are without sufficient knowledge or information to affirm the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

23. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 23 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

24. These Defendants admit that Officer Wyatt spoke with Brock Smith during his investigation of the underlying criminal incident, but are without sufficient knowledge or

information to affirm the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

25. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 25 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

26. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 26 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

27. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 27 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

28. These Defendants admit that Brock Smith claimed that Steve Craycraft had intimidated him, admit that Steve Craycraft had pointed a firearm at him, admit that Amanda Smith could not say whether the firearm was pointed by Steve Craycraft at Brock Smith, but deny the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint as stated.

29. These Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint as stated.

30. These Defendants admit that Amanda Smith could not say whether a firearm was pointed by Steve Craycraft at Brock Smith, but are without sufficient knowledge or information to affirm the remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

31. These Defendants admit that Officer Wyatt was provided video evidence concerning the underlying criminal incident, but are without sufficient knowledge or information

to affirm the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

32. These Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint as stated.

33. These Defendants admit that Steve Craycraft is a former Delaware County Sheriff's Office employee, but are without sufficient knowledge or information to affirm the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

34. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 34 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

35. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 35 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

36. These Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint as stated.

37. These Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint as stated.

38. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 38 of Plaintiffs' Complaint as stated as no pertinent time period is referenced and, therefore, deny the same and demand strict proof thereof.

39. These Defendants are without sufficient knowledge or information to affirm the allegations contained in Paragraph 39 of Plaintiffs' Complaint as stated as no pertinent time period is referenced and, therefore, deny the same and demand strict proof thereof.

40. These Defendants admit that tornadic activity happened on or about March 14, 2024 and that electric power to certain areas of the County was severed, deny the allegation that Steve Craycraft was wrongfully imprisoned, deny that the Craycraft home was directly in the path of any tornado on said date, but are without sufficient knowledge or information to affirm the remaining allegations contained in Paragraph 40 of Plaintiffs' Complaint as stated and, therefore, deny the same and demand strict proof thereof.

41. These Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint as stated.

42. These Defendants admit that a search warrant was not issued for Steve Craycraft's firearm, but deny the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint as stated.

43. These Defendants deny that Steve Craycraft was wrongfully arrested, but are without sufficient knowledge or information to affirm the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

44. These Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint as stated.

45. These Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint as stated.

46. These Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint as stated.

47. The allegations contained in Paragraph 47 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint as stated.

48. The allegations contained in Paragraph 48 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint as stated.

49. The allegations contained in Paragraph 49 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint as stated.

50. The allegations contained in Paragraph 50 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, these Defendants deny that the acts and omissions of Brock Smith were not investigated, and further deny the remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint as stated.

51. These Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint as stated.

52. These Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint as stated.

53. These Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint as stated.

54. These Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint as stated.

55. These Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint as stated.

56. These Defendants deny that Plaintiffs are entitled to any relief against these Defendants, and further deny the remaining allegations contained in Paragraph 56 of Plaintiffs' Complaint as stated.

57. Any and all other allegations in Plaintiffs' Complaint which are not specifically admitted herein are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

By pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, these Defendants do not concede that they possess or assume the burden to prove each or any of them. Rather, these Defendants maintain that Plaintiffs retain the burden of proof on all matters necessary to state and sustain the claims asserted in their Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which monetary, equitable, or injunctive relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, these Defendants acted in furtherance of a governmental function in which discretionary acts were performed in good faith with an objectively reasonable belief that their actions were lawful, and these Defendants plead and rely upon such defenses as a complete bar to the claims asserted by Plaintiffs herein.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, the actions of these Defendants were committed within the scope of their official duties, in good faith, without malice, and not in a willful or deliberate disregard of any legal rights of Plaintiffs, and these Defendants plead and rely upon such defenses

as a complete bar to the claims asserted by Plaintiffs herein.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, these Defendants acted in conformity with the letter and spirit of all applicable statutes, regulations, ordinances, common law, and in conformity with the Constitutions of the United States and the State of Indiana.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may be barred by the absolute, qualified, governmental, equitable, judicial, and/or official immunity of these Defendants, and where applicable, immunity provided by the 11th Amendment to the United States Constitution, all of which also bars any discovery against these Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Probable cause existed which justified the acts and omissions of these Defendants at all times relevant to Plaintiffs' Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages were not directly or proximately caused by these Defendants' acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a valid cause of action against one or more of these Defendants for there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are attempting to assert pendant state law claims, such claims are barred by their failure to comply with the provisions of the Indiana Tort Claims Act, including, but not limited to, Indiana Code § 34-13-3-8, -10, and -12.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are attempting to assert pendant state law claims, these Defendants are immunized from such state law claims pursuant to applicable Indiana law, including but not limited to Indiana Code § 34-13-3-3.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may be barred, either in whole or in part, by the doctrines of consent, contributory negligence, comparative fault, assumption of risk, volenti non fit injuria, estoppel, acquiescence, fraud, illegality, laches, release, statute of limitations, and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

These Defendants deny Plaintiffs are entitled to recover any damages or other relief; in the alternative, Plaintiffs' damage claims may be barred, in whole or in part, by reason of Plaintiffs' failure to mitigate their alleged damages and/or the doctrine of after-acquired evidence; further in the alternative, to the extent Plaintiffs have mitigated their damages, these Defendants are entitled to a credit or set-off.

### THIRTEENTH AFFIRMATIVE DEFENSE

(1) The claims of Plaintiffs for punitive and/or exemplary damages against these Defendants cannot be sustained because an award of punitive and/or exemplary damages for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by law would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, as well as the Indiana Constitution.

(2) The claims of Plaintiffs for punitive and/or exemplary damages against these Defendants cannot be sustained because an award of punitive and/or exemplary damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive and/or exemplary damages award; (2) is not instructed on the limits on punitive and/or exemplary damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive and/or exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the governmental status of these Defendants; (4) is permitted to award punitive and/or exemplary damages under a standard for determining liability for punitive and/or exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive and/or exemplary damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate these Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, as well as the Indiana Constitution.

(3) The claims of Plaintiffs for punitive and/or exemplary damages against these Defendants cannot be sustained because an award of punitive and/or exemplary damages without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, and self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel would violate these Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment, as well as the Indiana Constitution.

(4) Any award of punitive and/or exemplary damages based on anything other than these Defendants' conduct in connection with the alleged incidents that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, as well as the Indiana Constitution, because any other judgment for punitive and/or exemplary damages in this case cannot protect these Defendants against impermissible multiple punishments for unrelated incidents.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants provisionally plead as affirmative defenses those defenses of Fed.R.Civ.P. 8(c), 9, and 12 as if fully restated herein, said defenses applicability to be determined during discovery, and these Defendants reserve the right to assert additional defenses, whether affirmative or otherwise, about which they presently lack sufficient knowledge or information, but which may become available during the course of this litigation through discovery and other means.

## FIFTEENTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to make all motions pursuant to Fed.R.Civ.P. 12 and to amend this pleading pursuant to Fed.R.Civ.P. 15.

WHEREFORE, Defendants, Delaware County Sheriff's Office, Sheriff Tony Skinner, Lt. Steve Wright, Officer Blake Reynolds, Officer Robert Wyatt, and Cpt. Richman, by Counsel, respectfully demand as follows:

1. That Plaintiff's Complaint against them be dismissed *with prejudice*;
2. For a trial by jury on all issues so triable;
3. For their costs herein expended, including reasonable attorneys' fees; and

4. For any and all other relief, legal or equitable, to which they may appear entitled.

## JURY DEMAND

These Defendants respectfully request that this matter be tried before a jury.

Respectfully Submitted,

*/s/ Justin M. Schaefer*

Justin M. Schaefer, Esq., #37277-22
Patrick A. Muldoon, Esq., #39173-10
BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
Tel. 502-625-1702
Fax 502-779-3566
jschaefer@sbmkylaw.com
pmuldoon@sbmkylaw.com
*Counsel for Defendants, Delaware County Sheriff's Office, Delaware County Commissioners, Sheriff Tony Skinner, Lt. Steve Wright, Officer Blake Reynolds, Officer Robert Wyatt, and Cpt. Richman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notice to the following Counsel of record:

Donald K. McClellan, Esq., #10045-18
McClellan & McClellan
400 N. High Street, Suite 200
Muncie, Indiana 47305
don@mcclellanandmcclellan.com
*Counsel for Plaintiffs*

*/s/ Justin M. Schaefer*

BARNES MALONEY PLLC