UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

*Electronically Filed*

| | |
|---|---|
| STEVEN CRAYCRAFT and LORIE CRAYCRAFT, : : : Plaintiffs, : : vs. : : DELAWARE COUNTY SHERIFF'S DEPARTMENT, DELAWARE COUNTY COMMISSIONERS, SHERIFF TONY SKINNER, LT. STEVE WRIGHT, OFFICER BLAKE REYNOLDS, OFFICER ROBERT WYATT, and CPT. RICHMAN, : : : : : : : : : Defendants. : | CAUSE NO. 1:25-cv-1335-TWP-TAB |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Comes Defendant, Delaware County Board of Commissioners, by Counsel, and for its Memorandum of Law in support of its Motion to Dismiss Plaintiffs' claims asserted against it pursuant to Fed.R.Civ.P. 12(b)(6), hereby states as follows:

**I.      INTRODUCTION.**

This civil rights litigation arises out of a law enforcement interaction which occurred on March 14, 2024. Plaintiff, Steve Craycraft, alleges that he was falsely arrested and falsely imprisoned following an altercation he had with his son-in-law, Brock Smith. *See* Dkt. 1, PageID # 4, ¶ 13. Plaintiff, Lorie Craycraft, also alleges that she was falsely imprisoned as she was sitting on a bench in the entryway of the Craycraft residence following Mr. Craycraft's arrest. *See* Dkt.

1

1, PageID # 7. Plaintiffs further allege that the residence was searched without a warrant and without probable cause. *See* Dkt. 1, PageID # 7-9.

The complained of acts concern the Delaware County Sheriff's Office and its deputies, and not the Delaware County Board of Commissioners or any individual acts by any Commissioner. Given that the Delaware County Sheriff's Office is an elected office established by the Indiana Constitution which acts independently of a County Board of Commissioners, Delaware County Board of Commissioners cannot be held liable for Plaintiffs' claims. Consequently, Plaintiffs fail to state a claim upon which relief can be granted against Delaware County Board of Commissioners.

## II.  PLAINTIFFS' FACTUAL AND LEGAL ALLEGATIONS.

Plaintiffs assert that Delaware County Board of Commissioners employed and were "responsible for the establishment of policies either formally or by custom and practice for, and was responsible for the employment, training, supervision and conduct of the Delaware County Sheriff's Office." *See* Dkt. 1, PageID # 3. Plaintiffs further assert that Delaware County Board of Commissioners were "responsible for the establishment of policies either formally or by custom and practice for, and were responsible for the employment, training, supervision and conduct of Delaware County Officers Wright, Richman, Wyatt, and Reynolds." *See id*.

The remaining allegations contained in Plaintiffs' Complaint do not allege actions by the Delaware County Board of Commissioners which purportedly violated Plaintiffs' constitutional rights. Instead, the allegations concern purported actions and/or inactions of the Delaware County Sheriff's Office and its deputies. For instance, Plaintiffs allege that "members of the Delaware County Sheriff's" Office arrested Steve Craycraft "without probable cause and falsely imprison[ed] him in the Delaware County Jail." *See* Dkt. 1, PageID # 6. And Plaintiffs allege that

Mrs. Craycraft was "unable to move freely about her house for over two hours while the Delaware County Sheriff's [Office] … went through the home, or followed her in the home…." *See* Dkt. 1, PageID # 7.

As demonstrated below, Delaware County Board of Commissioners cannot be liable for the actions and/or inactions of the Delaware County Sheriff's Office or its deputies. Consequently, Plaintiffs' claims against Delaware County Board of Commissioners must be dismissed *with prejudice*.

### III.     STANDARD OF REVIEW.

Fed. R. Civ. P. 8(a)(2) requires an initiating complaint to include "a short plain statement of the claim showing that the pleader is entitled to relief." If a plaintiff fails to meet this standard, a defendant may move to dismiss the plaintiff's complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support").

To survive a motion to dismiss, the complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A claim against a party should be dismissed if the factual allegations, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Twombly*, 550 U.S. at 569. Although courts must accept a plaintiff's factual allegations as true,

courts should not accept a plaintiff's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). When a plaintiff's claims are based upon pure speculation, they do not "raise a right to relief above the speculative level," and do not state a viable claim for relief. *Probst v. Eli Lilly and Company*, 2023 WL 1782611, at *14 (S.D. Ind. Feb. 3, 2023) (citing *Twombly*, 550 U.S. at 535).

## IV. LAW AND ARGUMENT.

### a. PLAINTIFFS DO NOT STATE A VIABLE CLAIM FOR RELIEF AGAINST DELAWARE COUNTY BOARD OF COMMISSIONERS.

Delaware County Board of Commissioners is a separate and legally-distinct entity from the Delaware County Sheriff's Office, and "is not responsible for the Sheriff's actions." *Jendrzejczyk v. LaPorte County, Indiana*, Case No. 2:15-cv-300, 2017 WL 3387405, at *4 (N.D. Ind. Aug. 4, 2017) (citing *Radcliff v. Cnty. of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994)). Therefore, Delaware County Board of Commissioners "has no agency relationship with the Sheriff or his department." *Id.* (citing *Delk v. Bd. of Comm'rs of Delaware Cnty.*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987); *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994)).

Here, the Delaware County Board of Commissioners has no agency relationship with the Delaware County Sheriff's Office because the Delaware County Sheriff's Office "is an independently elected office established by the Indiana Constitution." *Argandona v. Lake County Sheriff's Dept.*, Case No. 2:06-cv-259, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007) (citing Ind. Cont. Art. 6 § 2; *Markley v. Walters*, 790 F.Supp. 190, 191 (N.D. Ind. 1992)). Moreover, the duties and responsibilities of the Delaware County Sheriff's Office are "established by the Indiana

Legislature." *Id*. (citing Ind. Code § 36-2-13-1, *et seq.*). With that in mind, "a sheriff's department acts independently of a county board of commissioners." *Id*. An Indiana county, therefore, "has no agency relationship with a sheriff or the sheriff's department…." *Id*. (citation omitted). Accordingly, an Indiana county "cannot be held liable … for the actions of a sheriff or a sheriff's department." *Id*.

In the case at bar, the allegations of Plaintiffs' Complaint are focused solely against the Delaware County Sheriff's Office and its law enforcement deputies. Given the jurisprudence examined above, Delaware County Board of Commissioners cannot be held liable for the actions and/or inactions of the Delaware County Sheriff, Delaware County Sheriff's Office, or Delaware County Sheriff's deputies. Consequently, Delaware County Board of Commissioners is not a suable entity with respect to the claims raised in Plaintiff's Complaint.

V.   **CONCLUSION.**

For all the reasons addressed herein, Plaintiffs' Complaint fails to state a plausible claim upon which relief can be granted against Delaware County Board of Commissioners. Delaware County Board of Commissioners, therefore, respectfully requests dismissal of Plaintiffs' claims against it pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully Submitted,

*/s/ Justin M. Schaefer*

Justin M. Schaefer, Esq., #37277-22
Patrick A. Muldoon, Esq., #39173-10
BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
Tel. 502-625-1702
Fax 502-779-3566
jschaefer@sbmkylaw.com
pmuldoon@sbmkylaw.com
bberry@sbmkylaw.com
*Counsel for Defendants, Delaware County Sheriff's Office, Delaware County Commissioners, Sheriff Tony Skinner, Lt. Steve Wright, Officer Blake Reynolds, Officer Robert Wyatt, and Cpt. Richman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notice to the following Counsel of record:

Donald K. McClellan, Esq., #10045-18
McClellan & McClellan
400 N. High Street, Suite 200
Muncie, Indiana 47305
don@mcclellanandmcclellan.com
*Counsel for Plaintiffs*

*/s/ Justin M. Schaefer*

BARNES MALONEY PLLC

6