UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STEVEN CRAYCRAFT, et al.,                    )
                                             )
                 Plaintiffs,                 )
                                             )
        v.                                   )        No. 1:25-cv-01335-TWP-TAB
                                             )
DELAWARE COUNTY SHERIFF'S                     )
DEPARTMENT, et al.,                          )
                                             )
                 Defendants.                 )
                                             )
_____)
                                             )
Judge HON. THOMAS A. CANNON, JR.,            )
                                             )
                 Interested Party.           )

## ORDER DENYING MOTION TO QUASH DEPOSITION SUBPOENA

Non-party Delaware Circuit Court Judge Thomas A. Cannon has filed a motion seeking to quash a subpoena Defendants served on him seeking to take his deposition on June 10, 2026. [Filing No. 30.] Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv), the Court "must quash or modify a subpoena that … subjects a person to undue burden." Quashing a subpoena is appropriate when "the burden of compliance with it would exceed the benefit of production" of the testimony sought by it. *Northwestern Mem. Hosp. v. Ashcraft*, 362 F.3d 923, 927 (7th Cir. 2004). In deciding whether to quash a subpoena, " 'courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the [testimony], the breadth of the request and the burden imposed on the subpoenaed party.' " *Drics v. Duffy*, No. 12-cv-01192-SEB-MJD, 2014 WL 5323737, at *3 (S.D. Ind. Oct. 16, 2014) (quoting *Parker v. Four Seasons Hotels*, Ltd., 291 F.R.D. 181, 188 (N.D. Ill. 2013)).

Cannon argues that giving a deposition would impose an undue burden upon him as a non-party and that the information sought through his deposition is purportedly available through a less burdensome source: the probable cause affidavit Cannon signed that led to Plaintiff's arrest. [Filing No. 30, at ECF p 2, 3.] However, Cannon fails to set forth any meaningful argument as to why giving a deposition would be unduly burdensome.

Cannon's only other argument is that his testimony is protected by the judicial deliberations privilege. In *United States v. Morgan*, 313 U.S. 409, 422 (1941), the Supreme Court stated that examination of a judge's "mental processes" regarding a judicial proceeding "would be destructive of judicial responsibility" and that a judge "cannot be subjected to such a scrutiny." This Court is mindful of this admonition and was initially inclined to quash the deposition subpoena. However, Defendants' response in opposition to the subpoena explains:

> In the case at bar, the subpoena to testify was <u>not</u> issued to depose Judge Cannon concerning his internal reasoning by which he evaluated the legal sufficiency of the probable cause affidavit. Conversely, it was issued to explore Mr. Craycraft's claim that a pre-existing personal bias infected the process entirely. Thus, questions about whether Judge Cannon knew Mr. Craycraft or his sister, questions about the extent of those relationships, and questions about prior dealings with Mr. Craycraft and his sister are questions of fact and personal knowledge which exist outside of Judge Cannon's deliberative judicial functions. Consequently, the information sought from Judge Cannon is not protected by the judicial deliberations privilege.

[Filing No. 32, at ECF p. 4.]

Given the foregoing explanation of the testimony sought to be elicited from Cannon at his deposition, the Court agrees with Defendants that the information sought by way of this deposition falls outside of the judicial deliberations privilege. **Accordingly, Cannon's motion to quash his deposition subpoena [Filing No. 30] is denied.** However, if questions posed at Cannon's deposition cross the line into an area protected by the judicial deliberations privilege, Cannon may decline to answer such questions on this basis.

One final note. As noted above, Cannon's deposition is scheduled for tomorrow, June 10. If this date and time create a conflict for Cannon or his counsel, Cannon may promptly seek to reschedule this deposition to a mutually convenient time for all involved.

Date: 6/9/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

3